**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

REBECCA A. BARTLEY,

          Plaintiff,

vs.

JO ANNE B. BARNHART,
Commissioner,
Social Security Administration,

          Defendant.

Case No. 05-CV-395-FHM

## ORDER

Plaintiff, Rebecca A. Bartley, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits. The parties have consented to proceed before a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c)(1) & (3)

This case has previously been before the Court. Plaintiff protectively filed an application for Supplemental Security Income disability benefits on February 12, 1998. That application was denied at all agency levels and appealed to the district court, No. Dist. Okla. Case No. 02-CV-478. The Court remanded the case for further consideration. [R. 492]. While the case was on appeal, Plaintiff filed another application dated June 20, 2002. The Administrative Law Judge (ALJ) consolidated the issues on remand with the new application and adjudicated the entire time period. At the time of the latest hearing Plaintiff was 45 years old. She has an 11th grade education and no relevant past work. The ALJ determined that Plaintiff has been diagnosed with a spinal disorder, a shoulder disorder, a wrist disorder and an affective disorder. However, she retains the ability to sit, walk or stand six hours each in an 8-hour workday with normal breaks, lift, carry and push or pull

up to 20 pounds occasionally and 10 pounds frequently, with only limited climbing of stairs, balancing, kneeling, crouching or stooping. [R. 435].  Based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national and regional economy that Plaintiff could perform with her limitations.  The case was thus decided at step five of the five-step evaluative sequence.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

On appeal Plaintiff asserts that the ALJ failed to follow the Court's order on remand to evaluate the opinion of Dr. Sikka and that the ALJ misrepresented the record by concluding there is no material inconsistency in the objective medical evidence when there are obvious inconsistencies between the opinion of Dr. Sikka and consultative physicians Drs. Sutton and Owoso. [Dkt. 18, p. 5].

At the time of the earlier appeal, Plaintiff had undergone several spinal surgeries: December 31, 1997, August 26 and December 16, 1998.  The Court determined that the ALJ's finding that Plaintiff was not disabled for any continuous 12 month period from February 1998 to March 1999 was supported by substantial evidence.  However, there existed a question as to Plaintiff's condition in March 1999 when she was evaluated by Dr. Sikka, a physical medicine and rehabilitation specialist.  Dr. Sikka made a number of physical findings and concluded Plaintiff could do sedentary to light duty type work [R. 359-360]. However, on the Residual Physical Functional Capacity Assessment form, Dr. Sikka circled numbers indicating Plaintiff had the capacity to sit for 6 hours of an 8-hour workday and walk or stand for one hour of an 8-hour day.  Since these values fell short of an entire 8-hour workday, <u>and</u> since Dr. Sikka's report was the only evaluation of Plaintiff's abilities after the last of her spinal surgeries, the Court found Dr. Sikka's report to be highly relevant

to a determination of her then-current RFC.  Further, the ALJ's decision did not address Plaintiff's ability to perform the walking and standing requirements of light work.  The Court found "[t]he ALJ's failure to discuss the impairment of Plaintiff's standing and walking abilities require[d] reversal and remand of the decision for further evaluation." [R. 497].  The case was therefore remanded to determine Plaintiff's impairments and her ability to work during the period prior to and following her December 16, 1998 surgery.

Regardless of the Court's earlier order, the question on this appeal is the same as it was on the first appeal:  whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine the Commissioner has applied the correct legal standards.  *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994).  The record is more fully developed now than it was at the time of the Court's previous decision.  Dr. Sikka's evaluation is no longer the only evidence of Plaintiff's condition after the December 1998 surgery.  The ALJ appropriately addressed the opinion of Dr. Sikka in the context of the entire record.  Applying the aforementioned standard, the undersigned finds that the ALJ's decision should be AFFIRMED.

The ALJ accurately summarized the medical record.  He noted that on March 15, 1999, Dr. Sikka evaluated Plaintiff and found her to have "steady, stable and safe gait[.]" [R. 432, quoting R. 359].  The ALJ highlighted that observation by underscoring the text in the decision.  The ALJ also noted the opinion that Plaintiff could not sit for more than one hour at a time before changing positions and underscored Dr. Sikka's opinion that Plaintiff "<u>is able to perform sedentary to light duty type of work</u>." [R. 432, emphasis in original].

Plaintiff was evaluated by Dr. Owoso on August 28, 2002. Dr. Owoso noted Plaintiff's history of surgery and complaints of pain but found her strength and range of motion to be within normal limits. Dr. Owoso found Plaintiff to have no residual deficits. [R. 554-561]. On neurological consultation occurring on March 23, 2003, Dr. Min found Plaintiff to have no significant abnormalities of the thoracic or lumbar spine. [R. 596-97]. Plaintiff was also evaluated by Dr. Sutton on April 28, 2004. He found her to have essentially normal range of motion. Dr. Sutton was of the opinion that Plaintiff should be able to stand or walk up to six hours in an 8-hour workday and that sitting would be unaffected. [R. 602].

After outlining the foregoing opinions, the ALJ found "[t]here is not a material inconsistency in the objective medical evidence." [R. 433]. Plaintiff takes issue with that statement. According to Plaintiff, the ALJ "ignored the most significant and probative portions of Dr. Sikka's report in his decision," [Dkt. 18, p. 6], because the ALJ did not mention that Dr. Sikka circled numbers on a form which indicated Plaintiff would be able to stand or walk a total of only one hour in an eight-hour workday. Plaintiff recalls that the Court found Dr. Sikka's opinion to be especially significant when it reversed the previous decision.

As previously stated, Dr. Sikka's opinion was especially significant at the time of the earlier decision because it was the sole medical opinion concerning Plaintiff's ability to walk after her latest surgery. Because the record lacked any other information, the inconsistency between Dr. Sikka's narrative report and his marks on the form needed to be explored. On remand, however, more information was available. Other physicians expressed findings that confirmed the narrative portion of Dr. Sikka's opinion which

4

indicated Plaintiff could perform sedentary and light duty work. In light of the additional evaluations, which are entirely consistent with Dr. Sikka's narrative report, it is not accurate to call the circled time figures on the form completed by Dr. Sikka "the most significant and probative portions of Dr. Sikka's report." [Dkt. 18, p. 6]. In fact, when the evaluations of the other physicians are considered together with Dr. Sikka's narrative report, it is accurate to say, as the ALJ did, that "[t]here is not a material inconsistency in the objective medical evidence."   [R. 433]. In essence, the ALJ determined that given the content of the narrative section of Dr. Sikka's report to the effect that Plaintiff could do sedentary to light work and the complete agreement of the other physicians, the contrary marks Dr. Sikka made on the form are not material. The undersigned finds that conclusion to be supported by substantial evidence.

The reasonableness of this conclusion is demonstrated by reference to the definition of substantial evidence. Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In the context of all the other information in the record, the values circled on the form are insubstantial. Those time frames are not consistent with any other medical evidence. Again, in saying there is no material inconsistency in the record, the ALJ has expressed that the values on the form are not material.

The undersigned rejects Plaintiff's suggestion that the conclusions reached by Drs. Owoso and Sutton are infirm because the doctors were not provided Plaintiff's entire medical record. Those doctors conducted physical examinations of Plaintiff and

5

commented on their observations. Their opinions were based on their examinations of Plaintiff and not on a review of the record.

The undersigned finds that the denial decision is supported by substantial evidence and that the decision contains a sufficient basis to determine the proper legal standards were applied. The decision of the Commissioner is therefore AFFIRMED.

SO ORDERED this 29th day of December, 2006.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE